Plis Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Ketteringham contracted to build a house for the Eureka Homestead Society. He sublet the plumbing to Edwin Salzer. The latter purchased the materials from Ahrens & Ott. Ketteringham paid Edwin Salzer in full.' Edwin Salzer failed to pay Ahrens & Ott. Ahrens & Ott assigned their claim (with all its accessories, as we find) to Alfred Salzer, who served and recorded a sworn statement of the claim in accordance with Act 221 of 1914.
The only question presented is whether or not that Act grants a privilege upon the building in favor of those who furnish material to a sub-contractor.
The precise question arose in Brink and Necland vs. Bartlett, 105 La., 336, and was decided affirmatively under Act 180 of 1894.
But we find a radical difference between the language of the Statute of 1894 and that of 1914.
*335 Opinion and decree, April 10th, 1916.
Rehearing refused, May 8th, 1916.
Writ granted, but not as yet passed upon, July 1, 1916.
The former purports to be for the protection of “all workmen, mechanics and laborers, and all those who furnish materials and supplies .actually used in the building,” without limitation or qualification whatsoever; whilst the latter purports to be for the protection of “all sub-contractors, workmen, laborers, mechanics, and furnishers of materials” having a claim “against the undertaker. ’
For these are the only ones authorized to file and record claims .against the building. If there be no “such” claims, the recorder shall cancel the privilege resulting from the contract.
The Statute does not purport to give a privilege to those having claims only against a sub-contractor, and we do not feel authorized, even if so disposed, to stretch its meaning so as to cover the claims of the latter. - For it is elementary that all privileges are stricti juris, much more so where the privilege is claimed upon one man’s property for a debt due by another. As the District Judge has well said all such legislation is against common right, and when so intended should be clear and unambiguous, and not leave the privilege to be eked out by construction. • '
In the case at bar, Ahrens & Ott never had a claim against the undertaker (Ketteringhami). I'Their) claiim is against Salzer. They could assign only what they had, and hence could assign no privilege upon the building.
We think the judgment appealed from is correct.
Judgment affirmed.